# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
### WESTERN DIVISION

---

**Carlos Javier Murillo Moran**,

    Petitioner,

    v.

                                    Case No. 2:26-cv-02710-BCL-cgc

**CHRISTOPHER BULLOCK**,
Field Office Director of U.S. Immigration
and Customs Enforcement, New Orleans
Field Office,

    Respondent.

---

## ORDER GRANTING PETITION FOR WRIT OF HABEAS
## CORPUS TO THE EXTENT OF REQUIRING BOND HEARING

---

Petitioner Carlos Javier Murillo Moran filed a Petition for Writ of Habeas Corpus in which he challenged his detention without a bond hearing pending the outcome of removal proceedings. Doc. 1. This Court ordered Respondent to state its position following the Sixth Circuit's recent decision in *Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026). Doc. 6. Respondent advised that he may seek further appellate review of that decision, but at this time, the Court should order that Petitioner be provided a custody redetermination hearing within ten days or be released if that does not occur. Doc. 10. Petitioner filed his Reply on July 6, 2026. Doc. 12. In light of the Sixth Circuit decision in *Lopez-Campos*, the Court **ORDERS** that Respondent shall give Petitioner a bond hearing under 8 U.S.C. § 1226(a) within **ten** days of the date of this order or, in the alternative, release him from custody.

The Court grants this relief for two reasons.

1.      Section 1226—the controlling provision according to the Sixth Circuit—itself only guarantees a bond hearing; it does not guarantee release. *Lopez-Campos*, 175 F.4th at 713, 735 ("[O]ur understanding of § 1225(b)(2)(A)'s scope ensures that noncitizens like Petitioners should have a forum to explain that their backgrounds and connections to their communities justify release on bond while they undergo their removal proceedings. To hold otherwise would subject long-term law-abiding residents in the United States, such as Petitioners, to the hardship of mandatory detention without due process.").

Petitioner has offered no persuasive justification for allowing him to obtain through the remedy of habeas something more than that to which he is entitled (according to the Sixth Circuit) under the governing law—that is, the chance to make his case for release at a bond hearing. In keeping with a broad and unfortunate trend in Section 2241 cases challenging detention of noncitizens, Petitioner in his counseled Reply brief offers several new arguments nowhere mentioned in his Petition, which was filed by the same law firm and which sought immediate release. *See* Doc. 1 at 8; Doc. 12 at 11; *see also Cadena Torres v. Bullock*, 2026 WL 1974680, at *1 n.1 (W.D. Tenn. July 8, 2026) (advising, after the filing of the petition and reply at issue here, that saving claims and arguments for a reply brief improperly deprives respondent of its chance to respond, can result in providing the court with a misleading statement of facts or the issues at hand, and risks forfeiture). These arguments were relevant when the petition was filed—they did not become apparent only upon Respondent's opposition—because they are the support for Petitioner's request for immediate release; the arguments are reasons, he claims, why release is the only appropriate remedy. These arguments are forfeited because Petitioner failed to raise them in his petition. *See Cotton v. Hughes*, 176 F.4th 886, 904 (2026) (arguments made for the first time in reply are forfeited). **And counsel, in this case and similar cases, are again reminded of the**

2

**impropriety of reserving arguments for a reply brief and that one potential consequence of doing so, among others, is the rejection of those arguments on grounds of forfeiture.** *See also Cadena Torres*, **2026 WL 1974680, at \*1 n.1.**

Petitioner's new arguments are in any event meritless.  Some of the material consists of *unsubstantiated* attacks on the Immigration Court *generally*—not with respect to proceedings involving Petitioner—which obviously cannot justify granting Petitioner more relief than he is entitled to by law.  *See* Doc. 12 at 2, 5. Petitioner also argues that Respondent has not "produce[d]" a Notice to Appear, purportedly contrary to 28 U.S.C. § 2243. Doc. 12 at 6-7. This argument is (at least) doubly flawed: (1) fairly read, the opposition makes clear Petitioner is being detained pending removal proceedings (Doc. 10), and (2) in any event, Petitioner acknowledges in his own petition that he has received a Notice to Appear informing him of the reason for his detention. Doc. 1 at 2 ("The Notice to Appear informed Petitioner that that the DHS charged him under 212(a)(6)(A)(i) of the Immigration and Nationality Act and delineated him as an 'alien present in the United States who has not been admitted or paroled,' in contrast to an 'arriving alien.'"). Petitioner's counsel offers no explanation for his baffling 180 degree turn in the Reply.

The remainder of Petitioner's new arguments consist of a variety of factors why, in Petitioner's view, a bond hearing could only result in release.  *See* Doc. 12 at 7-10 (listing a purportedly applicable statutory preference for "least restrictive setting[s]" and claimed stability of reference, verified employment, financed vehicle, domestic relationship, and lack of legal violations).  It would be improper for the Court to adjudicate these arguments which go to the heart of the bond determination, because to do so would be to usurp the role of the Immigration Court and Board of Immigration Appeals, to which such determinations belong, and would end run the statute barring judicial review of such decisions. *See* 8 U.S.C. § 1226(e) ("The Attorney General's

3

discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole.").

2.      Relatedly, a bond hearing is in keeping with the principle of prudential exhaustion, in that it leaves it to the Executive Branch to make the call in the first instance, without the Judicial Branch jumping in to dictate the results before the Executive has had an opportunity to decide the issue under the framework the Sixth Circuit has now announced.  *See Smith v. U.S. Sec. & Exch. Comm'n*, 2026 WL 1733656, at *7 (6th Cir. 2026) ("This rule is designed to afford the agency the opportunity to reconsider its position in the first instance, and to promote efficient litigation." (citing *Jones Bros., Inc. v. Sec'y of Lab.*, 898 F.3d 669, 673 (6th Cir. 2018))). Petitioner argues that exhaustion should be excused, but he offers only unsubstantiated claims of past failed bond applications (Doc. 12 at 4-5)—applications for which there is neither evidence in the record nor reference in the petition and which would, in any event, not support excusing prudential exhaustion even if they were as Petitioner described them.  *See Smith*, 178 F.4[th] at 325 ("We view the crucial inquiry as whether the agency can provide the relief requested if the argument succeeds, not whether it is likely to succeed.").

## CONCLUSION

Plaintiff's Petition for Writ of Habeas Corpus is **GRANTED** to the extent that the Court **ORDERS** Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within **ten days** of the date of this order or, in the alternative, release from custody.

**IT IS SO ORDERED**, this 10th day of July 2026.

s/ *Brian C. Lea*
BRIAN C. LEA
UNITED STATES DISTRICT JUDGE

4